UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRITTNEY HIGBEE,<br><br>　　　　　Defendant. | Case No. 4:15-CR-00160-2-EJL<br><br>**REPORT AND<br>RECOMMENDATION** |

　　On September 28, 2016, Defendant Brittney Higbee appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 154). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Superseding Indictment (Dkt. 36), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

　　The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government did not request detention and supported continuation of release.

In this case, Defendant has been compliant with all aspects of pretrial supervision. In addition to compliance, Defendant had been successful in her substance abuse treatment program and has maintained full-time employment with the same treatment provider, where she provides counseling services to their other clients.

The Court finds these circumstances constitute clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing. Further, the Court finds detention pending sentencing would interfere with not only Defendant's ongoing substance abuse treatment program, but also with her employment counseling others. The Court finds the totality of these circumstances constitute exceptional reasons why Defendant's detention pending sentencing would not be appropriate.

**REPORT AND RECOMMENDATION - 2**

## **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Higbee's plea of guilty to Counts One and Eleven of the Superseding Indictment (Dkt. 36),

2) The District Court order forfeiture consistent with Defendant Higbee's admission to the Criminal Forfeiture allegation in the Superseding Indictment (Dkt. 36) and the Plea Agreement (Dkt. 154),

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts Two, Three, Four, Five, Six, and Eleven of the Superseding Indictment (Dkt. 36) as to Defendant, and

4) The District Court continue Defendant's release subject to the strict conditions of release (Dkt. 141) set by Judge Bush on June 27, 2016.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 29, 2016

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE